[Civ. No. 25922.   Second Dist., Div. Four.   Feb. 20, 1962.]

RUE BONWITT VAYNE, Plaintiff and Appellant, v. DEPARTMENT OF EMPLOYMENT, Defendant and Respondent.

518

Rue Bonwitt Vayne, in pro. per., for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Defendant and Respondent.

BURKE, P. J.—On February 1, 1961, appellant filed a claim with the Department of Employment for unemployment insurance benefits. The department ruled initially that appellant was ineligible for benefits for a period of four weeks on the ground that appellant had voluntarily terminated her most recent employment. The department also found appellant was ineligible for a further period because of an alleged false statement made to it. Upon an appeal to the referee, a hearing was held and the referee affirmed the denial of benefits for the four weeks' period but reversed the department with respect to the additional ineligibility assessed because of the alleged false statement of fact. Appellant appealed to the Unemployment Insurance Appeals Board which affirmed the referee's decision. Appellant then filed a petition in the superior court for writ of mandate and an alternative writ of mandate was issued. The matter was heard and the court issued a judgment affirming the decision of the Unemployment Insurance Appeals Board. This appeal is from that judgment.

Her employer testified appellant informed him she was quitting her employment ". . . because of the problem she was having with this Cal-Pacific . . . . She said that she cared not to work for them . . . ——for Cal-Pacific. In other words, if she were working for me [the employer] and taking my money to pay them, she no longer cared to do it." The employer stated he had no intention of firing appellant and had she returned to work she could have continued working.

However, she did not do so. The referee found claimant had voluntarily terminated her employment because she was being harassed by creditors and did not wish to work and turn over her salary to these creditors.

In reviewing a decision of the trial court the reviewing court determines whether the decision is supported by substantial evidence. (*Ashdown* v. *State of Calif. Dept. of Emp.*, 135 Cal.App.2d 291 [287 P.2d 176].)

In the present case there was substantial evidence to support the trial court's decision, as indicated in the foregoing factual summary. The judgment denying the issuance of a writ of mandate is affirmed.

Jefferson, J., and Balthis, J., concurred.